is 19-3135 United States v. Golightley. Would Appellant's Counsel make her appearance and proceed? Good morning, Your Honors. My name is Paige Nichols and I represent Mr. Golightley, the Appellant. Good morning. Good morning. I do plan to try to reserve three or four minutes of my time for rebuttal. I understand that's my responsibility. We've raised four issues in brief but I plan to begin with and focus on issue number two because I think that one is the most complicated issue. That is the issue that asks whether we have a felony triggering verdict or multiple felony triggering verdicts on each of counts one through seven of the computer damage counts. What we have is not a proper felony triggering verdict. It is instead a free-floating loss finding that is untethered to any particular count and that doesn't match the statute. So what do I mean by that? I struggle a little bit with where to start here because the government and the defense are so far apart in our views of the statute and what it takes to make a felony conviction of computer damage. And so I'm going to start with our most basic point just to make we're all on the same page here. I trust that if the court thinks I'm moving too slowly you'll jump me up to what we really need to talk about. But our most basic proposition is that computer damage is a misdemeanor conviction unless the defendant has particular priors which he doesn't have here or unless the jury finds unanimously and beyond a reasonable doubt for every count the existence of a felony triggering element. Here the felony triggering element is loss. And so Mr. Golightly could not be found guilty of felonies and could not be sentenced for felony certainly not seven counts of felony computer damage absent a proper jury verdict on the What is a proper verdict on loss? We start with the statute. The statute allows the government to prove felony computer damage by showing loss in one of two different ways. The statute defines two different kinds of loss. First the statute is oddly written but it has one kind of loss inside the parenthetical and one kind of loss outside the parenthetical. Are you talking about section I now? Yes, yes, yes. And so yes section little I. Little I. Yes, yes, yes. I recently learned the word Romanet so apparently it's Roman I capital I. So once we get into that section and it's important to read the introductory language to that section which tells us that we have the felony conviction if the offense caused the offense singular caused loss to one or more persons during any one-year period aggregating at least five thousand dollars. That's one kind of loss. The second kind of loss looks at relevant conduct looks beyond the offense singular and asks whether there's loss resulting from a related course of conduct affecting one or more other protected computers. And the problem one of the problems with the instructions in the verdict form here is that these two separate kinds of loss were were sort of mashed up together but they weren't completely mashed up together so it's not as if the government was required by the district court to show both types of loss but the district court's instruction and verdict form made it easier for the jury to find loss to one or more persons by engrafting onto that the course of conduct idea from the parenthetical type of loss. And your your position is there's no evidence to support the parenthetical type loss so it never should have been presented to the jury in the first place. Is that right or am I is that too broad? It's it's close. Their related course of conduct has to affect one or more other protected computers and you're saying that was never charged in this case the one or more protected computers we only we only have one. Right. My understanding is you were saying the parenthetical really just simply didn't apply here. I'm sorry I didn't hear the last part of that question. My understanding is you were basically arguing that the parenthetical language simply didn't apply as to the related course of conduct because of the lack of one or more computers but I might be looking at that too simplistically. No I that that is that is basically the argument that given the charge given the instructions that the parties asked for and given the structure of the statute that what was that issue here was the first kind of loss the extra parenthetical kind of loss here and it wasn't until the instructions conference that the judge proposed adding this aggregate language or that any interrelated to any of counts one through seven language. So that is that's the the first problem is the way that the parenthetical part of the parenthetical type of loss gets added on to the first kind of loss. The second problem is that we don't know we don't have any particular counts that we know the jury unanimously made a finding as to the judge asked them whether they find that the conduct related to any of counts one through seven caused this aggregate loss and the unanimity instruction only obligated them to be unanimous as to this aggregate part of loss but not as to any particular count. And why does it necessarily have to be? I mean the statute by definition talks about aggregate loss. I mean why is that necessary? I mean you've got and let me ask two questions. Why is it necessary and the second is I want to get clear why the parenthetical in your mind is inapposite here. Okay so the first question is why why did the jury let me restate it so I and so I'm because I may not have been clear. It seems to me by the language of the statute which speaks in terms of loss during any one period and by virtue of the term aggregate of at least $5,000 that on its face it doesn't contemplate a one-hit transaction. It is not a discrete matter and therefore it seems to me on its face the notion that we just look we focus on one count and we focus on what would be the the way I read this and I think that the the statutory construction and history supports this that the introductory language says if the offense caused loss to one or more persons. So the thing that gets aggregated is across persons who are who suffer a loss. So you might have a computer hacking that affects multiple customers of a website because their personal information is something like that or you might have a single a single hack that affects a company but it continues to experience loss resulting from that single hack over time for for the course of a year. So those are the things that get aggravated. It's across persons and across time but only for one count one offense and that's supported by the senate report that I cited in I think it's the opening brief and it's supported by the context because we don't have this related course of conduct language in the statute until congress adds the parenthetical and they didn't add it also to the extra parenthetical part of the statute. But the parenthetical relates to criminal and criminal prosecutions right? Yes. So in fact there are civil cases which have allowed for exactly the opposite of what you're talking about right? They've allowed for the aggregation of loss relative to in in a way that wouldn't relate to one specific instance right? I'm not sure I've seen those cases and what happens in the in the civil cases is a little bit different because the civil provision of the statute which is subsection g of the statute speaks in terms of conduct. You can only file a civil suit if the conduct involves one of the factors set forth in this subsection that we're talking about. So the civil civil cases might play out a little bit differently because they're focused on conduct not a single offense like we're the offense. Okay all right so you're saying that offense and sometimes narrows the scope and that we're tied to the offense. All right well for the moment let's deal with that as being your response to the first question. The second question is why on its face does this parenthetical not number one you speak of this two different ways to have loss well the pair it's joined with conjunctively with the other kind but but let's just uh why does that parenthetical not on its contemplate this sort of aggregation across counts that we're talking about here because of the way because of the way the statute is structured with that um that language set off in the parenthetical because the parenthetical wasn't added until later it was added um in 2001 in the patriot act and there's no no reason to think it was added in order to um increase the government so the and addressing the and um the and is a little curious i agree but but if the and really operated as an and then the government would be obligated to prove both types of loss in order to get a felony computer damage conviction and i don't think there's any evidence that that's what congress intended to increase the government's burden i think congress intended to give the um i think i will probably just start repeating myself at this point the reason that the parenthetical doesn't come into play here is is because because these are two separate kinds of loss now i've also um as i've argued in the brief the government never charged the language here of the entire parenthetical never asked for the language of the entire parenthetical for the instructions and the jury wasn't given that language so we don't end up with felony verdicts i would like to reserve my time unless i need to answer another question before i do that that's fine thank you very much thank you i'm alan metzger on behalf of the united states and i was trial counsel in this matter your honor with respect to the defendant's argument is on the second issue the she makes the she makes the argument that there was we couldn't get into the to the aggregate because there was not more than one one or more other computers affected however the trial evidence the trial testimony and exhibit 52 which the that more than one computer bank more than one computer system at next tech was affected by the defendant's conduct the trial testimony was that their next tech corporate had a set of computers a separate set of computers from next text classified and that they served different functions exhibit 52 attachment three was an uh was an exhibit testified to by one of the next tech engineers that identified the periods of time that some of the computers were shut down and because of the difference between the next tech classified and the next corporate computers the united states asked the witness to notate which of those attacks shut down the next tech classified computers by designated across the top ntc and which of those shut down the next tech corporate computers by indicating corporate and he did so so those are clearly before the court is there any evidence of damages though presented to the jury about the difference between these two computers isn't that what's important with with respect to that parenthetical language i just i think all of your damage evidence was kind of all kind of grouped together that's correct your honor and that's because it was the the defendant's conduct in causing the series of attacks that occurred against the next next tech computers between may 30 roughly eight eight almost nine o'clock on may 30 and concluding in the early morning of april 2 those series of ddos attacks you really couldn't distinguish because it was an ongoing response with ongoing identification and so the united states did not distinguish between the attacks and what was done with each attack due to the language the clear language of the statute that says that you can aggregate the loss from a course of conduct during a one-year period of time well if you if you bite off on the on on the defendant's argument here that you can't aggregate on a related course of conduct unless it involves one or more other protected computers and that that wasn't presented to the jury so that you're only looking at a particular each each offense individually in terms of aggregating the 5000 in value and as she says perhaps there's more you know one or more persons who've experienced the loss and that's how you might get there but i guess what i'm saying is i don't if you bite off on the argument that it's per each offense that you've got to aggregate what evidence did you have here of that well i don't believe that the statute indicates that it's per each offense and your honor giving the statute the structure of the statute i think clearly refutes the argument being addressed by the defendant of particular note now a a 10 30 a 5 a and b are both identified as being a 10-year felony a 10-year subject to a 10-year term of imprisonment of note 10 30 a 5 c bears no distinction no indication of what the penalty was you then go to subparagraph c 4 g and it says that and so i don't misquote it that a thought a term of imprisonment for not more than one year for any other offense under subparagraph a 5 so clearly the statute intends a violation of a 5 a as well as a 5 b as being a felony uh a felony offense if the offense if the offense caused a harm provided in some clauses that goes okay that that goes to whether or not the the laws can be aggregated across counts i could not find any specific 10th circuit cases on this however there is uh i did cite the united states versus lanham case which is an aggregation case that as i indicated was unpublished and defendant's reply brief caused me to to look further into some lenity cases and united states versus taylor which i will supplement and in the appropriate letter afterwards is actually a is a case involving 18 usc 5 10 c which was endorsement of of a of a treasury check and if it's if the face amount or the aggregate value is more than 500 then it's a felony and the fifth the fifth circuit held in united states versus taylor that irrespective of the face value of the checks and irrespective of whether or not they were charged in one count or more counts that you could that the the proper interpretation in that situation was when you aggregate you can aggregate across counts there's also a a 10th circuit case again that i found late that is not directly on and it held that the that the unit of of offense for a tax charge is each individual year but when you consider course of conduct that you can consider course of conduct across counts and so i believe the case law is such that the given the even given the language of the the statute and offense that it is appropriate for the aggregate to be applied across counts and it's not limited to a single or to each individual count the instructions that the that the court gave and the instruction that the united states provided on this what was not prov was not one that was in just just made up by the united states as noted in in in the government's brief we uh we provided to the court and the court provided a an instruction that predominantly came from the eighth circuit in their pattern instructions and uh and and so it's it and and its jury verdict uh didn't require spoke of aggregation across all the counts and whether the aggregate loss during any one year to one or more persons was five thousand dollars well they i'm looking at the eighth circuit pattern instruction now and it has an option that the district court did not include it had language it said did the defendant cause loss resulting from a related course of conduct affecting one or more protected computers of an aggregate value of five thousand dollars or more that language does not appear in the district court's instruction the district court's instruction actually uh you know arguably along the lines of what the defendant said mishmash is the question of loss with the question of of of damage to uh other computers affecting one or more other protected computers in other words there is an option in that a circuit instruction that does not is not found uh in the instruction that the district court gave i mean the district court's instruction i think speaks of uh a guilty verdict caused by the aggregate loss to one or more persons during any one year period that totaled more than five thousand dollars um and the the specific language relating to damage to an to unauthorized uh well other authorized uh computers that appears in both the statute and then the eighth circuit instruction is not present uh in the district court's instruction so what do we do with that in other words to the extent that they were borrowing from the circuit it was incomplete so i can't it may have been i i apologize i just i wasn't able to pull that up as as quickly as i had hoped i would be able to that's fine um if you got a general response give it if not i want to touch on sufficiency of the evidence for a second okay let's get i would suggest moving the sufficient to the evidence okay uh i i'm reply brief of the defendant uh i i need to have a real understanding of why there isn't a problem there i i mean because uh what you have it seems to me is a situation in which there's evidence to suggest that there was no email from the net sucks and gmail.com no email from that went to the next text help desk one uh you that that uh email address was given as sort of a contact address and that it appears that he accessed it from a question box some drop down box when he sent the threat and and that would have been so it would have been kansas to kansas and and if that's true then if that's true and then you had the forensic expert who testified that that it appeared that he his phone was used at the same time to send uh to send something uh to nextec classify if all of that is true then why isn't there an interstate commerce problem you know the the defendant has misread the exhibit 4a which is the uh the basis for this first in her reply brief she states that the united states assumes that an email transmission occurred in fact there was testimony for normie from amy normandan uh that a that uh the even that the uh exhibit 4a did contain and the threats were received as a result of an email received from the defendant from the defendant ms normandan's testimony is found at that the threats were sent via email what i don't understand is i'm sorry go ahead but they were sent by an email but the exhibit 4 says they were sent from uh nextec classified info at nextec classified.com which one would be accessing the email on the website that's and that's where the confusion arises from the defense your honor the testimony from ms normandan when she introduced exhibit 4a was that there were three means of communication that a person could engage with the nextec help desk telephone email or their their web chat system the header the initial header on exhibit 4a that that the court just to it's their immediate superiors to determine what action if any they should take when the court with the court looks further you'll see after that header among the nextec employees is an indication of the contact email from ntsucks at mail.com and 4b specifically identifies that that threat came to nextec by way of an email and ms normandan testified that the email was sent using the ntsucks at mail.com email address even even if you have an email sent i guess i'm still struggling to see what evidence we have of a server outside the state of kansas there was none no evidence of that was presented to the jury and i understand you're relying on this little address at the bottom of the or on the copyright notice at the bottom of the email which assuming it was an email that that was sent you didn't give the jury any information to say that that copy that copyright notice somehow equates to knowing that we've got servers in pennsylvania i i don't get how you get to the bottom line here your honor you are correct in that the united states did not establish did not specifically identify the location of the server used to send the email the government is simply relying upon the one that this was raised in a rule 29 situation and the government's inference can flow from the fact that mail.com is headquartered in pennsylvania i don't get the inference there i'm not i'm not a real high tech person but i do know that servers can be anywhere and they don't necessarily equate with an address on we on an email we understand the court's concern and the question is whether or not that is a reasonable inference if that is a the deck the overruling of the rule 29 and the jury verdict if the court determines that it's not reasonable then we lose and and let me just to be clear what would it have been about the mail.com address that would have would have led a reasonable jury in your view to infer that it came from pennsylvania or came from some interstate place the exhibit five was the email the email communication between the defendant and mail.com creating and establishing the ntc sucks at mail email account yes and that communication took place from kansas to chester brook pennsylvania and was there there's evidence that says that the well the the e the the communication is between mail.com and and the defendant and so the direct answer to your the simplest answer to the court to the judge's question i suppose is there's not direct evidence saying that that that that that communication took place from the state of kansas to the state of pennsylvania other than that's where mail.com is located and but we know that but that's not but that it was there even evidence to say that's where mail.com is located i don't recall your honor i i would i i just don't recall all right i i appreciate the candor and and that's fine uh thank you very much for your uh your argument your case is submitted uh but we have uh some rebuttal time and you went over like three minutes so could you add on uh kevin three minutes to her time and uh you don't have to take it but but you have it please proceed thank you i do want to touch on at least three categories of other protected computers the government says we had evidence of other protected computers but our question isn't was there evidence of other protected computers i'm going to dispute that in a second but the question really is was there a verdict on other protected computers and i think your honor judge holmes pointed out there was not a jury verdict on that because the jury wasn't asked to decide whether there was proof of other protected computers and so any discussion about that i think is a discussion about harmless error which the government hasn't raised with respect to the statutory problem here even if it had raised that issue harmless error well first i don't think the court should reach it because it's so complicated that this isn't that kind of case where the course should reach it but i just want to point out that the definition of computer in a data storage facility which maybe the jury would have found equaled one server farm which is what we had here so the jury may not may well not have even found that there were other protected computers also i think the word other suggests other than the ones affected by the counts of conviction i don't want to go too far down that path because i think it takes us away from the real question which is do we have a proper verdict and we definitely do not have a verdict on other protected computers next issue the eighth circuit instructions i'm really glad your honor brought those up and i suggest that the court look closely at those instructions because the government says that uh district court followed them and of course the court has already pointed out no it didn't follow those instructions not only does the eighth circuit treat the loss um the loss element as as two separate ways of proving loss because if you look at the eighth circuit instructions it says instruct on either lost one or more portions or the parenthetical language right the eighth circuit does not mash them up second the eighth circuit says if nobody's asking for a verdict on a lesser included offense of a mystery then you the district court ought to include loss as an essential element on the count elements themselves which again is not what the district court did here so the eighth circuit instructions are good models and i don't know that we would have a complaint if the court had followed the eighth circuit instructions third other cases the government talks about lanham i think we responded to that in our reply brief and i don't have a lot more to say about that but i just want to emphasize that lanham in addition to being unpublished and and um the question at issue was conceded by council so it doesn't really do this do much good for this court but lanham was decided under a previous version of the statute so it's not it's it's just not a helpful case second the taylor case well we addressed the taylor case in our opening brief and so i'll just refer the court back to the opening brief there was a dissent first taylor was decided pre-apprendi so it has some problems i think some apprendi problems in it second there is a great dissent in um taylor by judge thornberry and then in laco the ninth circuit agrees with thornberry um on on the issue but again we're dealing with an entirely different statute so then the third case that government talks about is a tax case that i don't know the name of because i haven't seen it cited yet and the unit of prosecution well i don't know what the tax code is in that case so i can't really tell you how it's different but i bet it's different and what really matters is what is the language of this statute that mr go lightly was convicted of and what should the jury verdict have looked like in this case to justify felony computer damage convictions now i'm happy to answer any questions about the sufficiency question but uh issue one i'm not sure i can improve on the reply brief so unless there are questions i will um cede the council for your fine arguments okay